UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATTYMAC LLC, doing business as
NATTYMAC CAPITAL LLC.,                              No. 08-CV-1204 (DLC)
                                                    ECF Case
      Plaintiff,

      v.
                                                    ANSWER
FIRST WEST MORTGAGE BANKERS, LTD.,
et al.,

      Defendants.
------------------------------------------------------------x

      Defendants First West Mortgage Bankers, Ltd. ("First West"), Richard Tschernia ("Richard"), and the Estate of Bernard Tschernia (the "Estate" and, collectively "Defendants"), by their undersigned counsel, for their answer to the complaint in this action, state as follows:

      1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 of the complaint.

      2.    Defendants admit the allegations in ¶ 2 of the complaint.

      3.    Defendants admit the allegations in ¶ 3 of the complaint, except deny that Richard was "the Director" of First West.

      4.    Defendants admit the allegations in ¶ 4 of the complaint.

      5.    Defendants deny the allegations in ¶ 5 of the complaint.

      6.    Defendants neither admit nor deny the allegations in ¶ 6 of the complaint, which calls for a legal conclusion as to which no response is required.

      7.    Defendants neither admit nor deny the allegations in ¶ 7 of the complaint as calling for a legal conclusion to which no response is required.  By way of

further response, the Continuing Guaranty executed by Decedent contains an arbitration clause that deprives this Court of subject matter jurisdiction.

8. Defendants neither admit nor deny the allegations in ¶ 7 of the complaint as calling for a legal conclusion to which no response is required, and refer to the document quoted therein for its contents. By way of further response, the Continuing Guaranty executed by Decedent contains an arbitration clause which render venue in this Court impropert.

9. The allegations in ¶ 9 of the complaint are denied as stated. Defendants admit that First West entered into a Master Agreement with Plaintiff, but refer to the document for its contents.

10. The allegations in ¶ 10 of the complaint are denied as stated. Defendants admit that decedent Bernard Tschernia ("Decedent") entered into a Continuing Guaranty with Plaintiff, but refer to the document for its contents.

11. The allegations in ¶ 11 of the complaint are denied as stated. Defendants admit that Richard entered into a Guaranty with Plaintiff, but refer to the document for its contents.  Defendants further deny that Richard was President of First West.

12. The allegations in ¶ 12 of the complaint are denied as stated. Defendants admit that it provided security to Plaintiff in consideration for the credit facility, but refer to the terms of the parties' agreement for its contents.

13. The allegations in ¶ 13 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

14. The allegations in ¶ 14 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

15. The allegations in ¶ 15 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

16. The allegations in ¶ 16 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

17. The allegations in ¶ 17 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

18. The allegations in ¶ 18 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

19. The allegations in ¶ 19 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

20. The allegations in ¶ 20 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

21. (a) – (e) Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21(a) – (e) of the complaint, but admit that Plaintiff put Defendants on notice of loans that were not purchased by an Approved Investor.

22. The allegations in ¶ 22 of the complaint are denied as stated. Defendants admit they have not made payments to Plaintiff and have not repurchases the Loans, but deny that the amount demanded by Plaintiff in the complaint is correct.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 of the complaint, and refer to the parties' agreement for its contents.

24. Defendants deny the allegations in ¶ 24 of the complaint.

25. Defendants repeat their responses to ¶¶ 1-25 of the complaint as if set forth fully herein.

26. Defendants admit the allegations in ¶ 26 of the Complaint.

27. The allegations in ¶ 27 of the complaint are denied as stated. Defendants refer to the terms of the parties' agreement for its contents.

28. The allegations in ¶ 28 of the complaint are denied as stated. Defendants admit they have not made payments to Plaintiff and have not repurchased the Loans, but deny that the amount demanded by Plaintiff in the complaint is correct.

29. The allegations in ¶ 29 of the complaint are denied as stated. Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff has performed all the terms of the parties' agreement. Defendants admit they have not made payments to Plaintiff and have not repurchased the Loans, but deny that the amount demanded by Plaintiff in the complaint is correct.

30. Defendants deny the allegations in ¶ 30 of the complaint as to the amount of damages.

31. Defendants neither admit nor deny the allegations in ¶ 31 of the complaint as calling for a legal conclusion as to which no response is required.

32. Defendants repeat their responses to ¶¶ 1-31 of the complaint as if set forth fully herein.

33. Defendants neither admit nor deny the allegations in ¶ 33 of the complaint as calling for a legal conclusion as to which no response is required.

34. Defendants neither admit nor deny the allegations in ¶ 34 of the complaint as calling for a legal conclusion, and refer to the documents reference in the complaint for their contents.

35. The allegations in ¶ 35 of the complaint are denied as stated. Defendants admit they have not made payments to Plaintiff, have not repurchased the Loans, and have not indemnified Plaintiff, but Defendants deny that the amount demanded by Plaintiff in the complaint is correct, and deny that the amount demanded by Plaintiff as indemnity for costs and expenses is reasonable.

36. [The complaint does not contain a ¶ 36.]

37. Defendants deny the allegations in ¶ 37 of the complaint as to the amount of damages.

38. Defendants neither admit nor deny the allegations in ¶ 38 of the complaint as calling for a legal conclusion as to which no response is required.

39. Defendants repeat their responses to ¶¶ 1-38 of the complaint as if set forth fully herein.

40. Defendants neither admit nor deny the allegations in ¶ 40 of the complaint as calling for a legal conclusion as to which no response is required.

41. Defendants neither admit nor deny the allegations in ¶ 41 of the complaint as calling for a legal conclusion, and refer to the documents reference in the complaint for their contents.

42. Defendants neither admit nor deny the allegations in ¶ 42 of the complaint as calling for a legal conclusion as to which no response is required.

43. Defendants deny the allegations in ¶ 43 of the complaint as to the amount of damages.

44. Defendants neither admit nor deny the allegations in ¶ 44 of the complaint as calling for a legal conclusion as to which no response is required.

45. Defendants repeat their responses to ¶¶ 1-44 of the complaint as if set forth fully herein.

46. Defendants deny the allegations in ¶ 46 of the complaint. By way of further response, First West has agreed to pay the amount Plaintiff due with interest to offset any benefit by Defendants.

47. Defendants deny the allegations in ¶ 47 of the complaint as stated. Defendants admit that payments have not been made, but deny that they acted willfully.

48. Defendants deny the allegations in ¶ 48 of the complaint as to the amount of damages.

49. Defendants neither admit nor deny the allegations in ¶ 49 of the complaint as calling for a legal conclusion as to which no response is required.

50. Defendants repeat their responses to ¶¶ 1-49 of the complaint as if set forth fully herein.

51. The allegations in ¶ 51 of the complaint are denied as stated. Defendants admit they have not made payments due to Plaintiff under the parties' agreement, but Defendants deny that the amount demanded by Plaintiff in the complaint is correct.

52. Defendants deny the allegations in ¶ 52 of the complaint as to the amount of damages.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's claims as set forth in the complaint are barred by the Settlement Agreement and Mutual Release executed by the parties in April 2008, which provides, in relevant part, as follows:

> Mutual Release:
>
> Except with respect to the obligations created, acknowledged, or arising out of this Agreement, each of the Parties on behalf of themselves, their respective predecessors and successors, and their respective partners, officers, directors, employees, insurers, attorneys and agents, hereby fully and forever release each other and each others respective agents, employees, principals, spouses, heirs, estates, attorneys, insurers, parent corporations, predecessors, successors and assigns, from any and all known and unknown claims that directly concern the NattyMac Claims. *However, nothing herein shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Agreement.*

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. Plaintiff is barred from bringing a judicial action against Defendants because the Continuing Guaranty executed by Decedent contains an arbitration clause that governs the parties' dispute.

## AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

34. Any damages suffered by Plaintiff was caused, in whole or in part, by its own acts or omissions, and any damages awarded against Defendants and in favor of Plaintiff should be reduced by the proportion or culpable conduct attributable to Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

35. Any damages suffered by Plaintiff was caused, in whole or in part, by the acts or omissions of persons outside Defendants' control, and any damages awarded against Defendants and in favor of Plaintiff should be reduced by the proportion of culpable conduct attributable to such persons.

WHEREFORE, Defendants demand relief as follows:

A. dismissal of the complaint in its entirety;

B. the costs of suit, including reasonable attorneys' fees;

C. such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 11, 2008

        GREENBERG FREEMAN LLP

        By:  /s/ *Michael A. Freeman*
            Michael A. Freeman (MAF-9600)
            24 West 40th Street, 17th Floor
            New York, New York 10018
            (646) 366-0881

        Attorneys for Defendants

To:	AMERICAN MORTGAGE LAW GROUP, PC
	James Brody (not admitted in SDNY)
	Evan D. Prieston (EP-3142)
	75 Rowland Way, Ste. 350,
	Novato, CA 94945
	Attorneys for Plaintiff